**U.S.A. vs. Tyrone Joyner**                                          **Docket No. 4:25-CR-45-1M**

### Petition for Action on Supervised Release

COMES NOW Matthew A. Fmura, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Tyrone Joyner, who, upon an earlier plea of guilty to Distribute Cocaine Base, in violation of 21 U.S.C. 841(a)(1) and 21 U.S.C. § 841(b)(1)(B), was sentenced by the Honorable Loretta C. Biggs, U.S. District Judge, on February 25, 2022, to the custody of the Bureau of Prisons for a term of 70 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 4 years.

Pursuant to an Executive Grant of Clemency, Joyner's term of imprisonment was commuted to expire on April 17, 2025. The defendant was released from custody on April 17, 2025, at which time the term of supervised release commenced.

On May 23, 2025, a Violation Notice was submitted to the Middle District of North Carolina, advising the court that the defendant tested positive for cocaine use and admitted to the same by signing an admission form. Supervision continued without modification and Joyner was enrolled in substance abuse treatment.

On October 30, 2025, jurisdiction was received from the Middle District of North Carolina, and the case was assigned to the Honorable Richard E. Myers II, Chief U.S. District Judge.

On November 25, 2025, a Petition for Action was submitted to include a cognitive behavioral program to the conditions of supervised release.

On March 25, 2026, a Violation Report was submitted advising the court that the defendant committed the misdemeanor offense of Driving While License Revoked – Impaired Revocation, Fictitious Tags, and Speeding 74/55 in Bertie County, North Carolina (26CR352). No action was requested, and the process was allowed to resolve itself in state court.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

### IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate in a cognitive behavioral program as directed by the probation office.

2. The defendant shall submit to substance abuse testing, at any time, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing and inpatient/residential treatment, and pay for the treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages and illicit drugs.

3. The defendant shall participate in any education and/or vocation services programs, as directed by the probation officer, and pay for any program fees as directed by the probation officer. Such programs may include, but not limited to, High School Diploma, GED preparation, on-the-job training, job readiness training, and skills development training.

4. The defendant shall cooperatively participate in a mental health treatment program, which may include inpatient treatment, and pay for treatment services, as directed by the probation officer.

5. The defendant shall submit his person, residence, office, vehicle, or any property under his control to a warrantless search. Such search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

6. The defendant shall support his dependents, and/or comply with any order to make child support payments or to make payments to support a person caring for a child.

7. The defendant shall provide any requested financial information to the probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Tyrone Joyner
Docket No. 4:25-CR-45-1M
Petition For Action
Page 4

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

/s/ Matthew A. Fmura
Matthew A. Fmura
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2345
Executed On: July 1, 2026

## ORDER OF THE COURT

Considered and ordered this _2ᵈ_ day of _July_, 2026, and ordered filed and made a part of the records in the above case.

Richard E. Myers II
Chief U.S. District Judge